UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATRINA KEHOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV991 HEA |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Count I and Count II, [Doc. No. 4]. Plaintiff opposes the motion. For the reasons set forth below, the Motion denied.

Plaintiff filed this two count employment discrimination action in the Circuit Court for the County of St. Charles, Missouri alleging discrimination based on sex, Count I, and wrongful termination in retaliation for "standing up against her discrimination, Count II. Defendant removed the matter based on the Court's federal question jurisdiction, 28 U.S.C. § 1441. Defendant now moves to dismiss both counts for failure to state a claim.

## Facts and Background[1]

---

[1] This rendition of the facts is set forth for the purposes of this motion only and is in no way intended to relieve the parties of necessary proof of the facts in later proceedings.

Plaintiff's Petition alleges the following: Plaintiff began working for Defendant on February 1, 2006. On February 16, 2006, a co-worker touched Plaintiff inappropriately. Plaintiff did not report this incident immediately to Defendant. The co-worker continued "the harassment against" Plaintiff on and off for the next several weeks. On March 7, 2006, the co-worker was talking inappropriately and in a harassing manner about Plaintiff. At this time, Defendant was informed of this situation, including the February 16, 2006 incident.

Defendant assured Plaintiff that she would not be working the same shifts as the co-worker. Defendant had made similar accommodations in the past for other employees.

Defendant did not separate Plaintiff and the co-worker's shifts. Plaintiff alleges that this failure altered the conditions of her working environment, creating an abusive working environment. Plaintiff further alleges that Defendant also failed to take appropriate actions to provide a work place free from harassment.

On May 14, 2006, the co-worker was working the same shift as Plaintiff. He clearly made a statement[2] so that Plaintiff and others around her could hear. Plaintiff then struck the co-worker, and this incident was immediately reported to Defendant.

---

[2] The statement allegedly made by the co-worker was that Plaintiff "is a virgin, but her mouth is not."

On May 16, 2006, the co-worker was fired for his actions. Plaintiff's employment was terminated on May 21, 2006.

Plaintiff claims that she was subject to a hostile work environment and her employment was terminated because Plaintiff "stood up" against the discrimination.

Plaintiff alleges that she filed a Charge of Discrimination with the EEOC on or about August 20, 2006. She received a Right to Sue letter from the EEOC on or about May 7, 2008. Subsequently, Plaintiff filed the instant action on May 16, 2008.

Defendant now moves to dismiss Count I as untimely, and Count II as failing to identify any protected activity leading to Plaintiff's termination.

## Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply

calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver*

*v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

### **Discussion**

Defendant argues that Plaintiff has failed to allege a discriminatory act within the proscribed time period. Defendant argues that the sole discriminatory act was the March 7, 2006 creation of the alleged hostile work environment when Defendant was informed of the co-worker's actions and did nothing. According to Defendant, Defendant's further failure to separate shifts were merely consequences of the alleged discriminatory act.

To assert a claim of employment discrimination under Title VII, a plaintiff is required to file administrative charges within certain time limits. Plaintiff was required to file her claims with the EEOC within 180 days of the alleged discriminatory employment action. See 42 U.S.C. § 2000e-5(e)(1). This requirement is not, however, jurisdictional, see *Zipes v. TWA, Inc.,* 455 U.S. 385, 393, (1982). (The "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a

statute of limitations, is subject to waiver, estoppel, and equitable tolling.")

The Petition alleges that the Charge of Discrimination was filed on or about August 20, 2006, however, the attached Charge of Discrimination has a "Received" stamp of August 20, 2007, and is dated by Plaintiff as August 13, 2007. Defendant has attached a "Charge of Discrimination Information Form" with a "Received" stamp of October 31, 2006. While neither party addresses these discrepancies, the Court notes that when considering a Motion to Dismiss, matters outside the pleadings are not to be considered, while attachments to the pleadings can be. Apparently, Plaintiff does not dispute the October 31, 2006 date as the relevant date for the filing of her Charge of Discrimination.

Plaintiff urges that the continued failure to separate her shifts from those of the co-worker constitutes a continuing violation, and therefore, her charge, even assuming the October 31, 2006 date, was timely filed.

It is well settled that an isolated event, even one with continuing impact, alone does not constitute a continuing violation. *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 486 (8th Cir.1997); *Jenson v. Eveleth Taconite Co.* 130 F.3d 1287, 1303 (8th Cir. 1997), cert. denied, 524 U.S. 953 (1998). On the other hand, a violation is continuing if it consists of "'an ongoing pattern or practice of discrimination,'" rather than an amalgamation of discrete, isolated instances. *Rorie v. United Parcel Service, Inc.* 151 F.3d 757, 761 (8th Cir.1998), quoting *Jenson*,

130 F.3d at 1303; *Kline v. City of Kansas City, Fire Dept.* 175 F.3d 660, 665 (8th Cir. 1999).

The facts alleged in the Petition, for the purposes of this motion to dismiss, are sufficient to state a claim of continuing violation. Plaintiff alleges that Defendant did not separate the shifts. Further, Plaintiff alleges that this created a hostile work environment and that Defendant failed to cure the problem. Moreover, Plaintiff alleges that Defendant failed to provide a safe work environment free from harassment. These allegations do not rest solely on the fact that Defendant did not change the shifts immediately, rather, the Petition alleges a continuing violation of Plaintiff's rights through the failure to manipulate the work schedules so as to avoid further harassment by the co-worker. The motion to dismiss Count I is therefore denied.

As to Count II, Defendant argues that Plaintiff fails to allege any protected activity in which she engaged and as such, fails to state a claim for retaliation.

To establish a *prima facie* case of retaliation, Plaintiff must show she engaged in protected conduct, the employer treated her in a manner that a reasonable employee would find materially adverse, and there was a causal connection between the adverse employment action and the protected conduct. *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir.2008). "To make out a retaliation claim, the plaintiff must show that the protected conduct was a determinative-not merely

motivating-factor in the employer's adverse employment decision." *Id*. at 1148 (internal citation omitted).

> Federal law prohibits an employer from discriminating against an employee who "has opposed any practice" made unlawful by Title VII, or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" under the statute. 42 U.S.C. § 2000e-3(a); see *Barker v. Missouri Dept. of Corrections*, 513 F.3d 831, 834 (8th Cir.2008). To establish even a prima facie case of retaliation, [Plaintiff] must demonstrate that (1) she engaged in statutorily protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. *Weger v. City of Ladue*, 500 F.3d 710, 726 (8th Cir.2007). An employee must show that the employer had actual or constructive knowledge of the protected activity in order to establish unlawful retaliation. *Buettner v. Arch Coal Sales Co., Inc*., 216 F.3d 707, 715 (8th Cir.2000). A materially adverse action is one that would have "dissuaded a reasonable worker from making or supporting a claim of discrimination." *Burlington N. & Santa Fe R. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (internal quotation omitted). . . The plaintiff in a retaliation case must present sufficient evidence for a reasonable jury to conclude that her protected conduct was a determinative factor in a materially adverse employment action taken by the employer. *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1148-49, (8th Cir.2008); *Carrington v. City of Des Moines*, 481 F.3d 1046, 1053 (8th Cir.2007).

*Hervey v. County of Koochiching* 527 F.3d 711, 722 (8th Cir. 2008).

Contrary to Defendant's assertions, Plaintiff has alleged that she engaged in protected activity, *i.e.*, standing up against the harassment. Plaintiff also alleges that the termination of her employment was directly caused by these actions. While Defendant argues that it was immediately justified in firing Plaintiff in accordance

with its policies of forbidding violence, Defendant once again asks the Court to look outside the pleadings at Defendant's policies and procedures. At this stage of the litigation, the Court is not at liberty to do so. Mindful that the propose of a motion to dismiss is to test the sufficiency of the pleading, the Petition sets forth sufficient allegations to state a cause of action for retaliation. The motion to dismiss Count II is denied.

## Conclusion

Based on the foregoing, Plaintiff has satisfied the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion to dismiss is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count I and Count II, [Doc. No. 4], is **DENIED**.

Dated this 9th day of January, 2009.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE